UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.N.M., | No. 1:26-cv-01536-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, | |
| Respondent. | |

Petitioner W.N.M. has filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order seeking release from immigration custody.[1]  On March 9, 2026, the Court notified the parties that it intended to rule on the merits of

---

[1] Petitioner also seeks to proceed using his initials.  (ECF No. 1.)  The Court grants Petitioner's request to proceed under a pseudonym.  "The normal presumption is that parties must use their real names." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted) (holding "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity").  The Court finds that good cause is met as the public's interest in knowing Petitioner's identity is outweighed by his need for anonymity in these immigration proceedings.  Accordingly, Petitioner's request to proceed under a pseudonym is GRANTED.

the Petition.  For the reasons discussed below, the Petition for Writ of Habeas Corpus is GRANTED IN PART.

## BACKGROUND

Petitioner W.N.M. is currently detained by immigration authorities at the California City Detention Center.  (Habeas Pet. ("Pet.") (ECF No. 1) ¶¶ 1, 6.)  He was born in Kenya and entered the United States in 2007 pursuant to a two-year visitor's visa.  (*Id.* 12, 23; TRO (ECF No. 10) at 5.)  He has been married to a United States citizen since 2012.  (TRO at 5.)  Petitioner submitted a Violence Against Women Act claim on or about October 6, 2022.  (Pet. at 19.)  Petitioner has also applied for a green card.  (TRO at 5.)  On several occasions, Petitioner was detained and released. (TRO at 6.)  On one such occasion in 2022, Petitioner was issued a Notice to Appear and released from ICE custody.  (Opp'n (ECF No. 15) at Ex. 2.)  He was re-detained on May 11, 2025, following an arrest for criminal trespass.  (TRO at 6.)  He remains in ICE detention at California City Detention Center.  (*See generally* Pet.)

On February 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, a motion to proceed in forma pauperis (ECF No. 2), and a motion to appoint counsel (ECF No. 3).  Counsel was appointed for Petitioner on March 3, 2026.  (ECF No. 8.)  On March 8, 2026, Petitioner filed a Motion for Temporary Restraining Order.  (TRO (ECF No. 12).)  On March 9, 2026, the Court informed the parties that it intended to rule directly on the Petition and set a briefing schedule.  (ECF No. 12.)  Briefing is now complete.  (MTD (ECF No. 12); Response (ECF No. 15).)

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def.*

*Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

**DISCUSSION**

### I.  Administrative Exhaustion

The parties disagree whether Petitioner has administratively exhausted his remedies under 8 U.S.C. § 1226(a).  Respondent contends that Petitioner is "a visa overstay and not an applicant for admission" and thus subject to 8 U.S.C. § 1226(a), and pursuant to that statute, he "failed to pursue his statutory remedies before the agency" by requesting a bond hearing.  (*See generally* MTD.)  In turn, Petitioner objects that he has a due process liberty interest warranting relief but alternatively requests a stay to pursue administrative remedies under section 1226(a).  (*See* Reply.) Because the Court finds that Petitioner is likely to be successful on the merits of his procedural due process claim as discussed below, the administrative exhaustion claim is irrelevant.  *E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1315, 1323 (W.D. Wash. Aug. 19, 2025) (observing "Petitioner does not claim to be entitled to a hearing consistent with a particular statute: he argues that the Due Process Clause requires it"); *Vargas v. Jennings*, No. 2-cv-5785-PJH, 2020 WL 5517277, at *2 (N.D. Cal. Sept. 14, 2020) (noting respondents' argument that lack of entitlement to a hearing does not bear on whether a hearing is required for procedural due process).  Respondent's Motion to Dismiss (ECF No. 14) is thus DENIED on this basis.

### II.  Procedural Due Process & *Winter* Factors

Petitioner is likely to be successful on the merits of his procedural due process claim because the record demonstrates Petitioner has acquired a government-created due process liberty interest.  In connection with the Opposition, Respondent provided Petitioner's Form I-213, which is the "Record of Deportable/Inadmissible Alien."  (Ex. 2

(ECF 14)).  There, the detainer narrative states that "[o]n 07/07/2022 [Petitioner] was issued a [Notice to Appear] while in ICE custody following a local arrest."  (*Id.* at 3.) The Court's prior orders are dispositive on this procedural due process issue. Individuals released from ICE custody have a protected interest in remaining out of custody.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits. Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against

unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Accordingly, the Court concludes that Petitioner is entitled to a bond hearing under the Due Process Clause.

**III. Bond**

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).  Because the "the [Government] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983), the Court finds that no security is required here.

**IV. Type of Bond Hearing and Burden of Proof**

The Court next determines whether a pre- or post-deprivation bond hearing is warranted.  The Form I-213 record reflects that, following Petitioner's 2022 release from ICE custody into the community, he was arrested for driving under the influence in November 2024, convicted of driving under the influence in February 2025 and sentenced to 90 days' confinement, and, in April 2025, arrested by local law enforcement for criminal trespass and failure to pay a fine.  (Ex. 2 at 4; TRO at 6.)  While the Supreme Court has held that "the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property," *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original), the Court also recognized that there may be some situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate.  *Id*. at 128; *see also Carballo v. Andrews*, 2025 WL

2381464, at *8 (E.D. Cal. Aug. 15, 2025) (ordering timely post-deprivation bond hearing). While Petitioner styles these violations as mere "infractions," (TRO at 6), they provide a cognizable basis for detention.

The burden of proof shall also be on the Government. The Government released Petitioner from ICE custody in 2022, which reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since the Government initiated re-detention in this case, "it follows that the [G]overnment should be required to bear the burden of providing a justification for the re-detention." *J.E.H.G. v. Chestnut*, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025).

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART as to his procedural due process claim.

2. Respondent is ordered to provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge within five (5) days of this ORDER. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **March 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

6